FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
JUL 3 1 2014
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:14-00117 |
| | ) | |
| v. | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 2 |
| ROBERT GRAY | ) | |

# INFORMATION

## COUNT ONE

THE UNITED STATES ATTORNEY CHARGES:

At times material to this Indictment:

1. Pinnacle National Bank ("Pinnacle") and Wells Fargo Bank ("Wells Fargo") were "financial institutions" with deposits insured by the Federal Deposit Insurance Corporation, within the meaning of Title 18, United States Code, Section 20, and for purposes of Title 18, United States Code, Section 1344.

2. A person referred to herein as "C.H." was a resident of Nashville, Tennessee, and was the CEO/ President of "G.A.", a company with offices located in Nashville, Tennessee.

3. Defendant **ROBERT GRAY** was a resident of Nashville, Tennessee, in the Middle District of Tennessee. Beginning in or about January, 2011, through in or about January 25, 2012, Defendant **ROBERT GRAY** was employed by "G.A." as the Executive Assistant to CEO/ President "C.H." As Executive Assistant, Defendant **ROBERT GRAY** had access to check books of "C.H." and was authorized to draft checks for signature.

4. "C.H." maintained at Pinnacle a personal bank account (number ending x8524) and an account under the business name "S.H." (number ending in x9078).

5. Defendant **ROBERT GRAY** maintained a bank account at Wells Fargo (number ending in x5415).

6. Between on or about May 4, 2011, until on or about January 25, 2012, within the Middle District of Tennessee, and elsewhere, defendant **ROBERT GRAY** executed and attempted to execute a scheme and artifice to defraud Pinnacle Bank and Wells Fargo Bank, both of which were financial institutions within the meaning of Title 18, United States Code, Section 20, and to obtain moneys, funds, and property owned by, or under the custody and control of Pinnacle and Wells Fargo Banks, by means of false or fraudulent pretenses, representations and promises.

7. It was part of the scheme and artifice to defraud that Defendant **ROBERT GRAY** negotiated or caused to be negotiated fraudulent checks bearing forged or unauthorized signatures and were drawn on Pinnacle accounts in the name of C.H. or S.H. Defendant **ROBERT GRAY** caused those checks to be deposited into an account in his name at Wells Fargo Bank. The checks were fraudulent because C.H. did not sign the checks or authorize anyone else to sign them or submit them to the bank.

8. On or about June 24, 2011, Defendant **ROBERT GRAY** did, for the purpose of executing and attempting to execute the above-described scheme and artifice, knowingly cause check number 6443, in the amount of $28,000 to be drawn on Pinnacle Bank account number ending x8524 in the name of C.H., to be deposited into Wells Fargo Bank account number ending x5415 in the name of Defendant **ROBERT GRAY**.

In violation of Title 18, United States Code, Sections 1344, and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in this Information are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction DEFENDANT **ROBERT GRAY** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, including but not limited to a money judgment of at least $148,250.34 United States currency, representing the amount of proceeds obtained as a result of such offense.

3. If any of the property described above, as a result of any act or omission of DEFENDANT **ROBERT GRAY**:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of DEFENDANT **ROBERT GRAY**, up to the value of said property listed above as subject to forfeiture.

DAVID RIVERA
UNITED STATES ATTORNEY

By: Kathryn W. Booth
KATHRYN W. BOOTH
ASSISTANT U.S. ATTORNEY